**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William MARRAPESE and Nicholas
Zinni, Defendants-Appellants.**

**No. 192, Docket 73-1600.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 25, 1973.

Decided Oct. 26, 1973.

impartial in appearance as well as in fact. Holmes v. United States, 271 F.2d 635 (4th Cir. 1959)."

Andrew A. Bucci, Providence, R. I., for defendant-appellant Marrapese.

John A. O'Neill, Jr., Providence, R. I., for defendant-appellant Zinni.

Paul E. Coffey, Sp. Atty., U. S. Dept. of Justice, Washington, D. C. (Stewart H. Jones, U. S. Atty., D. Conn., Bridgeport, Conn., and Jeffrey M. Johnson, Sp. Atty., U. S. Dept. of Justice, Washington, D. C., on the brief), for plaintiff-appellee.

Before KAUFMAN, Chief Judge, and MOORE and MANSFIELD, Circuit Judges.

MOORE, Circuit Judge:

Appellants, William Marrapese and Nicholas Zinni, appeal from judgments of conviction of conspiracy (18 U.S.C. § 371) to violate the National Firearms Act (Count IV of a four-count indictment). The indictment had charged these appellants, together with Robert Joost and David Guillette, in three substantive counts, Count One, concealment and retention for their own use of 30 machine guns, knowing them to have been stolen, 18 U.S.C. § 641; Count Two, possession of unregistered firearms, 26 U.S.C. § 5861(d); Count Three, concealment of stolen firearms moving in interstate commerce, 18 U.S. C. § 922(j); and a conspiracy count, Count Four. All but the conspiracy count are academic upon this appeal because the indictment was dismissed as to Joost and Guillette, the jury found Zinni not guilty on the three substantive counts, and the trial judge granted Marrapese's motion for acquittal notwithstanding the guilty verdict on the substantive counts. Left for our appellate consideration are appellants' convictions on the conspiracy count.

The eleven errors asserted may be divided into two principal categories (1) insufficiency of the evidence, and (2) error in the admission of tape recordings and a transcript thereof. These alleged errors were brought before the trial court upon the motion for acquittal, notwithstanding the verdict for a new trial and upon a supplemental motion for a new trial heard upon allegedly discovered new evidence. Both motions were denied. The motion and supplemental motion have been made a part of the record on appeal.

On November 21, 1971, 30 machine guns (M–16) were stolen from the Westerly, Rhode Island National Guard Armory. On January 25, 1972, 29 of these 30 guns were recovered by government agents from underwater in a quarry in Oneco, Connecticut. They had been wrapped for protective purposes in plastic bags. They are not equipped with bolts necessary for their operation.

Upon this solid factual foundation was erected a factual and inferential superstructure.

Nearby in Oneco (approximately a mile and a half from the quarry), lived Daniel Lapolla,[1] a figure of prime importance in the case. A few hours after the theft, a telephone call was placed from Zinni's Cranston, Rhode Island, residence to Lapolla's Oneco residence at an early morning hour, approximately 6:34 A.M. On November 22, 1971, a telephone call was made from Marrapese's Cranston, Rhode Island, residence to Lapolla's residence. These were the only calls made in November 1971 between these persons. Although the guns had been retrieved from the quarry by government agents in January, 1972, appellants were apparently unaware of this fact.

The next critical series of events occurred on March 31, 1972. Lapolla, as a government informer, had allowed himself to be equipped with a radio transmitter. On the receiving end were two government agents, Petrella and Smith.

Unmindful that the guns were no longer in the quarry, Lapolla, Marrapese and Zinni engaged in a conversation (tape recorded) concerning the "rifles." The tapes and the transcript thereof (Govt. Exh. 10) best identify their participation in the conspiracy.[2]

---

1. Shortly before the trial, Lapolla was murdered—a fact which was not disclosed to the jury.

2. Lapolla: He promised. Hey. Ahh. Get the door. I got a deal.
Marrapese: What kind of deal?
Lapolla: Ahh. (door closes) Met a guy in New York.
Marrapese: Yeah.
Lapolla: And ahh. You know the M-Sixteens those guys buried down there?
Marrapese: Yeah.
Lapolla: He thinks he can get the bolts. What should I say to him you want? (unclear) Can you handle it?
Marrapese: What for, the rifles?
Lapolla: Yeah.
Marrapese: You know where the rifles are.
Lapolla: Yeah. Well, let them go down and dive for them. What do I know. You think they could?
Marrapese: Yeah. They'd go.
Lapolla: All right. (unclear)
Marrapese: They was thirty rifles, right?
Lapolla: There were twenty-nine. The other one (unclear)

Marrapese: There was one stolen. Yeah. (increased noise)
Zinni: He wants to buy the rifles?
Lapolla: Yeah. He thinks he can get the bolts.
Marrapese: Tell him a hundred a piece.
Lapolla: A hundred a piece. Will Bobby and Davie go down and get-em?
Marrapese: We'll get someone down there.
Lapolla: Ha-ha. All right. Yeah. That's all.
Marrapese: No it ain't. You're going to come down and transport them, Danny.
Lapolla: I ain't gonna handle-em.
Marrapese: He going to come down and pick-em up?
Lapolla: Yeah. Let him come down. (unclear) It's between you and the other guy. You know?
Lapolla: They got the ahh (unclear) Bobby.
Marrapese: Yeah. I'll see him about it Monday.
Lapolla: Swell. And ahh. How will I know?
Marrapese: Look. When you going to be here? When? Tuesday?
Lapolla: Yeah.

■■ The evidence must be considered in the light most favorable to the Government, United States v. Barash, 412 F.2d 26, 31 (2d Cir.) cert. denied, 396 U.S. 832, 90 S.Ct. 86, 24 L.Ed.2d 82 (1969). A jury might well have concluded that Marrapese on the tape was speaking of the rifles in a proprietary fashion, and not as one merely interested in the cash proceeds. The jury evidently did not credit Marrapese's testimony that he was interested only in getting the debt Lapolla owed him paid. As for Zinni, he said only one sentence, "He wants to buy the rifles?" Yet once a conspiracy is shown, only slight evidence is needed to link another defendant with it, United States v. Knight, 416 F.2d 1181, 1184 (9th Cir. 1969); Bradford v. United States, 413 F.2d 467, 469 (5th Cir. 1969). Furthermore, the telephone call from Zinni's home to Lapolla's home early in the morning the day the rifles were stolen, Zinni's presence during the conversation between Marrapese and Lapolla concerning the guns, and his acknowledgment of the significance of the conversation provide enough proof for the jury to link him with the alleged conspiracy.

■ Appellants argue that the case should not have been submitted to the jury because there was no proof of an overt act. The trial judge in his opinion on the motion for acquittal n. o. v. and a new trial stated: "The concealment of the M–16 rifles, independently proven, is the very essence of the third overt act." As to the claim by appellants of a variance, the court ruled that "Any variance between the indictment and the proof with respect to the third overt act was of minor significance;". No claim of surprise was made during the trial. Nor was there any request for a continuance based on any alleged variance.

■ The argument that the tape recording of appellants' conversations with Lapolla was improperly admitted is without merit. Lapolla consented to wearing the transmitting device. The trial judge out of the presence of the jury passed upon its audibility. There was adequate testimony from which the jury could draw its conclusions as to voice identification and the accuracy of the transcript. The tape and transcript were properly admitted. For a thorough discussion of the law in this Circuit relating to the admissibility of tapes and transcripts, see United States v. Bryant, 480 F.2d 785, 789–791 (2d Cir. 1973).

■ As a basis for appellants' supplemental motion for a new trial, appellants claim to have discovered a transcript of a statement by Lapolla in an unrelated New Jersey proceeding that he had taken numerous tapes "on my [his] own." The trial court properly held that there was "nothing inconsistent between Lapolla's statement to the New Jersey authorities and the testimony of Agents Smith and Petrella that they, and not Lapolla, made the recording introduced at trial as Government's Exhibit 11."

■ As appellants correctly argue, resolution of the factual issues here depends on many inferences. The legal requirement is that there be a factual foundation from which the jury can draw these inferences. The government has met this burden here.

Judgments affirmed.

Marrapese: Yeah. Tell the guy O.K.
Lapolla: Cause I'll see him Saturday again. (unclear)
Marrapese: When are you going to see the guy? Saturday?
Lapolla: Yeah.

■

Marrapese: Tell him, ahh. It will take about a week to get them.
Lapolla: About a week to get them?
Marrapese: Yeah. Ahh. It's a little chilly right now.